**CARDINAL STONE COMPANY, INC., Plaintiff-Appellant,**

v.

**RIVAL MANUFACTURING COMPANY, Defendant-Appellee.**

**No. 80–3439.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 9, 1981.

Decided Jan. 14, 1982.

William J. Telzrow, Lawrence W. Smith, Wellsville, Ohio, for plaintiff-appellant.

Brett K. Bacon, Thompson, Hine & Flory, Cleveland, Ohio, Michael W. Lerner, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant-appellee.

Before KENNEDY and MARTIN, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant, Cardinal Stone, appeals the District Court's grant of summary judgment in favor of defendant-appellee, Rival Manufacturing. This case involves an action on a sales contract between Rival, a manufacturer of slow cookers, a home appliance, and Cardinal, a ceramics firm which supplied a primary component, the internal cooking shell.

The contractual relationship arose in 1972 and consisted of twenty-two purchase orders worth several million dollars. However, only the last eight orders, dating from May 1976 to January 1977 are in issue. These orders were cancelled by Rival pursuant to a termination clause found at paragraph 18 of the standardized purchase order which read: "Buyer reserves the right to change or amend the specifications and to terminate this purchase order in whole or in part at any time . . . ." Cardinal argues that this clause did not give Rival the right to arbitrarily terminate these orders. Instead Ohio law, by its adoption of the Uniform Commercial Code, incorporates a term of good faith into the performance of every contract. When Rival's course of business is considered, it is apparent, according to Cardinal, that Rival violated this term. Hence paragraph 18 is of no effect and Cardinal is entitled to damages due to their detrimental reliance on Rival's assertions that their business would continue to flow to Cardinal.

The District Court held otherwise, finding that the degree to which the silent incorporation of the obligation to deal in good faith could override express terms was a question of law which question the court then resolved in Rival's favor. In addition, the court reviewed the exclusive remedy for termination provided for in paragraph 18 and decided it could be applied by the court itself as a matter of law because Cardinal presented no triable issue of fact under the clause's damage remedy. We find no error in the District Court's action and affirm.

The starting point in the interpretation of any contract are the express terms in the agreement. Cardinal argues, however, that Rival's seemingly unfettered right to terminate must be tempered by the good faith requirement of Section 1–203 of the U.C.C. as adopted in Ohio as O.R.C. § 1301.09. The court in *Corenswet v. Amana Refrigeration, Inc.*, 594 F.2d 129 (5th Cir. 1979), faced a similar argument. There, Judge Wisdom, writing for the court declined to allow the U.C.C.'s good faith requirement, which is a term usually employed in the process of interpreting a contract by implications, to override an express power of termination. He noted that the good faith test was often erratic in its application and that instances of real economic overreaching were better analyzed under the unconscionability provisions of the U.C.C.

We concur in this reasoning. The parties here were experienced businessmen who executed a large number of valuable contracts. From the outset Cardinal was on notice that Rival had the unilateral right to terminate at anytime. It accepted this risk when it signed the agreement. Although that risk has now resulted in economic hardship, Cardinal may not here represent itself as an untutored victim of sharp business practices. From the evidence it appears that Cardinal was cognizant of the fact that the consumer demand for Rival's product was volatile and that the eight orders in issue were interrelated and reflected that volatility. Yet even absent this knowledge, Cardinal cannot be heard to complain of Rival's exercise of a right which Cardinal expressly relinquished. The terms of paragraph 18 are unambiguous and must be given their plain and ordinary effect. *Corenswet, supra.*

Similarly the plain meaning of paragraph 18 with regard to damages must be honored. There it was agreed that Rival in addition to paying for goods already delivered would pay to Cardinal the reasonable costs in reaching a settlement. The term costs means expenses incurred under the contracts in question. Because Cardinal presented no questions of fact with respect to any expenses not already covered by Rival, the District Court properly granted summary judgment on the question of damages. Cardinal's arguments concerning lost profits are unavailing in light of the exclusive remedy to which they committed themselves in paragraph 18. The Ohio Code specifically authorizes contracting parties to limit the remedies for termination. O.R.C. § 1302.93.

The judgment of the District Court is affirmed.